Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ERICA TAYLOR an Individual, BETH JENNINGS, an Individual,<br><br>     Plaintiffs,<br><br>     v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>     Defendant. | Case No.<br><br>CONSOLIDATED COMPLAINT FOR DAMAGES<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

COME NOW, Plaintiffs, through counsel, to file this Complaint for Damages against the above-named Defendant. Plaintiffs allege as follows:

### INTRODUCTION

1.

This case centers around the Plaintiffs, former employees of Defendant OHSU, and the unlawful religious discrimination they suffered because of their inability to take the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

## JURISDICTION, VENUE, AND PARTIES

2.

Venue for this action is proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various facilities of the Defendant in the Portland area. Defendant is a public corporation incorporated in, and with a principal place of business, in Oregon. The OHSU Board of Directors, whose members are appointed by the governor and approved by the State Senate, governs the university. As a public corporation, it receives federal and state funding. Plaintiffs have exhausted their administrative remedies through the U.S. Equal Employment Opportunity Commission and are bringing this Complaint within the 90-day time limit allocated to them by statute.

3.

Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

4.

As described in greater detail below, both of the Plaintiffs worked in the health care field at one of the Defendant's facilities during the COVID-19 pandemic. Both were exceptional employees, and each maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary.

5.

Sometime in the summer of 2021, the Defendant imposed a vaccine mandate to its employees, but, consistent with law, permitted employees to apply for religious or medical exceptions to the vaccine.

6.

Both Plaintiffs also held sincere and profound religious beliefs that prevented them from being able to take the available COVID-19 vaccines.

7.

**ERICA TAYLOR**

Plaintiff Erica Taylor was employed as a Patient Access Specialist for approximately three years by OHSU, and had no direct contact with patients because she worked remotely from home. Plaintiff Taylor was a member of the AFSCME union, got regular raises and was able to work unlimited overtime.

7.

Plaintiff Taylor has deeply held Christian beliefs and filed a request for a religious exception to the vaccine mandate on September 7, 2021. Plaintiff Taylor's faith is essential to her and adhering to her religion means more than taking a vaccine. She relies on God to heal her body and soul. Plaintiff Taylor requested an exception to the vaccine based on her sincerely held religious belief that God would heal her and that she therefore could not take the vaccine because to do so would be a betrayal of her faith.

8.

Plaintiff Taylor's exception request was denied on October 5, 2023, and she was placed on unpaid leave on October 19, 2021, and then terminated on December 2, 2021.

9.

Because of the Defendant's actions, Plaintiff Taylor was forced to collect unemployment benefits and food stamps. She was able eventually to find employment with another healthcare system where her religious exception was accepted, and she was allowed to work remotely. However, that position paid less. Plaintiff Taylor then found another remote position, again where her religious exception was accepted, but she was still paid less than at OHSU.

10.

Plaintiff Taylor has been traumatized by this experience and she feels betrayed by Defendant. She has suffered major stress, increased anxiety, and is gripped by crying spells. As a result of her unlawful termination, Plaintiff Taylor lost her income and benefits and struggled to pay her bills and rent. She was also forced to withdraw money from her retirement account. Plaintiff Taylor has suffered economic damages of at least $132,000.00 in past and future wage and benefit loss, and non-economic damages of at least $132,000.00, or an amount to be determined at trial. Plaintiff Taylor received a right to sue letter from the EEOC on July 28, 2023.

11.

**BETH JENNINGS**

Plaintiff Beth Jennings worked for OHSU's Casey Eye Institute for approximately seven years as a Patient Access Specialist. In March 2020, Plaintiff Jennings was asked to work remotely full time from her home, which she agreed to and did successfully for seventeen months. She consistently received high praise for her professional skills, and she was awarded Patient Access Specialist of the Month on several occasions. Plaintiff Jennings was told numerous times by upper management that she was the most professional and productive Patient Access Specialist that the clinic had employed.

12.

When the COVID-19 mandate was imposed, Plaintiff Jennings applied for a religious exception to the COVID-19 vaccine due to her deeply held Christian religious beliefs. Plaintiff Jennings believes in God's Divine Love, and she was ordained into the priesthood of the Order of Melchizedek in 1993. Plaintiff Jennings believes that life begins at conception, and that partaking in a vaccine that was tested on, or manufactured using aborted fetal cell lines, goes against her religious faith and conscience.

13.

Despite the sincerity of her religious beliefs, Plaintiff Jenning's exception request was

denied, and on October 18, 2021, OHSU's equipment was removed from her home. The next day she was placed on unpaid leave, and then terminated on December 2, 2021.

14.

Plaintiff Jennings has been unsuccessful in obtaining new employment, despite reaching out weekly to employers. She is now nearing retirement age and has interviewed many times but has not been rewarded for her efforts. Due to OHSU's unlawful termination, Plaintiff Jennings has suffered financial, emotional, and spiritual hardship. She lost her career of twenty-three years in ophthalmology care, her income, retirement benefits, and access to health, vision, dental and life insurance for herself and her family. Plaintiff Jennings was unable to make her monthly mortgage payments, forcing her to get a loan deferral. To avoid foreclosure, she started social security retirement benefits much earlier than she had intended, resulting in significantly lower monthly payments than if she had retired later.

15.

Plaintiff Jennings filed a complaint regarding her religious discrimination at OHSU with the Equal Employment Opportunity Commission (EEOC). The EEOC reviewed her situation and determined that Plaintiff Jennings had been discriminated against because of her religion. The EEOC initiated a conciliation process to resolve this issue with OHSU. Unfortunately, the best offer from OHSU to resolve Plaintiff's unlawful dismissal was one month's salary and the chance to be rehired into an open available position for which she was qualified. Plaintiff Jennings declined their offer and the EEOC determined that further conciliation efforts would be futile. Plaintiff Jennings received a right to sue letter from the EEOC on July 28, 2023. Plaintiff Jennings suffered economic damages of at least $151,055.00 in current and future wage loss, lost benefits, and retirement contributions, and non-economic damages of at least $300,000.00 or an amount to be determined at trial.

16.

**FIRST CLAIM FOR RELIEF – All Plaintiffs**

**(Unlawful Employment Discrimination Based on Religion
in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

17.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

18.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

19.

When Plaintiffs requested exceptions to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

20.

Instead of honoring the Plaintiffs' beliefs and finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was a proximate cause of Plaintiffs' individual wrongful terminations.

21.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiffs have been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and attorney's fees.

22.

**SECOND CLAIM FOR RELIEF- All Plaintiffs
(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –
42 U.S.C. §2000e et seq.)**

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

23.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

24.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

25.

When Plaintiffs requested religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiffs' religious beliefs.

26.

Instead of honoring their beliefs and finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions against Plaintiffs, culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful terminations.

27.

As a result of Defendant's unlawful discrimination, Plaintiffs have been damaged in an amount to be determined at trial, but that exceeds $715,055.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment against Defendant and seek the following relief:

1. A judgment in favor of Plaintiffs and against Defendant on both claims in an amount to be

determined at trial but exceeding $715,055.00.

2. Plaintiffs seek a trial by Jury on all claims to which Plaintiffs are entitled to a jury trial.

3. Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 25th day of October, 2023.

                                      JANZEN LEGAL SERVICES, LLC

                                      By /s/ Caroline Janzen
                                      Caroline Janzen, OSB No. 176233
                                      caroline@ruggedlaw.com
                                      Attorney for the Plaintiff