Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB 176240
paul@ruggedlaw.com
RUGGED LAW, INC.
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
Phone: 503-520-9900
Attorneys for Plaintiffs

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ERICA TAYLOR, an Individual,
BETH JENNINGS, an Individual,

Plaintiffs,

v.

OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,

Defendant.

Case No.: 3:23-cv- 01564-SB

MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION.

This case is an example of an inexcusable failure to accommodate the Plaintiff's religious beliefs by the Oregon Health and Sciences University, an institution that should be the pillar of our community, but an organization that utterly failed to provide a reasonable accommodation to the plaintiff, a 100% permanent remote worker, without any reasonable, logical, or legally justifiable excuse. The undisputed material facts demonstrate that the Court should render Summary Judgment in favor of the Plaintiff on her claims.

Conferral

Plaintiff has attempted to confer regarding this motion but has not received a response at the time of filing as to defendant's position on the motion.

## II. UNDISPUTED MATERIAL FACTS RELEVANT TO SUMMARY JUDGMENT.

1. **Plaintiff has sincere catholic Christian beliefs which preclude her from taking any vaccine that was tested, manufactured or developed with fetal tissue. See Declaration of Erica Taylor.**
2. **OHSU failed to provide an accommodation for Plaintiff's sincere religious beliefs. OHSU denied Plaintiff's religious exemption and terminated her for non-compliance with its Covid-19 vaccine mandate in fall 2021. See Declaration of Erica Taylor.**
3. **Plaintiff had a 100% permanent remote role with OHSU. OHSU downsized its office that originally housed the workers in Plaintiff's department since Plaintiff and her coworkers were going to continue working remotely indefinitely. See Declaration of Erica Taylor, Monica Garcia, and Jose Peralta.**
4. **There would be no cost to OHSU to permit Plaintiff to continue working remotely or any risk of transmitting Covid-19 to patients or employees due to Plaintiff's remote position. See Declaration of Erica Taylor.**

## III. STANDARD OF LAW.

Summary judgment is granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to a material fact and that the movant is entitled to judgment as a matter of law." R. Civ. P. 56(c). Under Fed. R. Civ. P. 56(a), the moving party bears the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial," *Withey v. FBI*, 477 F. Supp. 3d 1167, 1171 (W.D. Wash. 2020) (citation omitted). Conclusory, speculative testimony is insufficient to raise a genuine issue of fact and defeat summary judgment. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). "Whether an employer has met its statutory burden



**RUGGED LAW, INC.**
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
503-520-9900

to initiate a good faith effort to accommodate an employee's beliefs is a question of fact." *Piccolo v. Mayo Clinic*, No. CV-22-02007-PHX-DJH, 2025 U.S. Dist. LEXIS 45576, at *24 (D. Ariz. Mar. 11, 2025) (citing P*roctor v. Consol. Freightways Corp. of Delaware*, 795 F.2d 1472, 1477 (9th Cir. 1986).

**IV. ARGUMENT.**

"Title VII requires that an employer reasonably accommodate an employee's practice of religion, not merely that it assess the reasonableness of a particular possible accommodation or accommodations." *Groff v. DeJoy*, 600 U.S. 447, 473, 143 S. Ct. 2279, 2296, 216 L.Ed.2d 1041, 1060 (2023). "Reasonableness is assessed in context;" in other words, it requires a "'context-specific application.'" *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 455 (7th Cir. 2013); *Chavez v. S.F. Bay Area Rapid Transit Dist.*, 723 F. Supp. 3d 805, 818 (N.D. Cal. 2024) (quoting *Groff*, 600 U.S. at 473). Establishing a prima facie religious discrimination/failure-to-accommodate case under Title VII requires Plaintiff to show that: "(1) a bona fide religious belief, the practice of which conflicts with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected her to an adverse employment action because of her inability to fulfill the job requirement." *Strandquist v. Wash. State Dep't of Soc.*, No. 3:23-cv-05071-TMC, 2024 U.S. Dist. LEXIS 198383, at *28- 29 (W.D. Wash. Oct. 31, 2024) (citing *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004)). Upon that showing, the employer must show "'either that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably



**RUGGED LAW, INC.**
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
503-520-9900

accommodate the employee without undue hardship.'" *Id*. at 29 (citing *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1224 (9th Cir. 2023) .

### *A. Plaintiff Has Established a Prima Facie Case for Religious Discrimination Under Title VII of the Civil Rights Act.*

To establish a prima facie case of religious discrimination based on a Defendant's failure to accommodate, Plaintiff must demonstrate that: (1) she "had a bona fide religious belief, the practice of which conflicted with an employment duty"; (2) she "informed [his] employer of the belief and conflict"; and (3) "the employer discharged, threatened, or otherwise subjected [them] to an adverse employment action because of [his] inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004). Plaintiff has done so as demonstrated by her Declaration and accompanying exhibit.

Title VII does not require a Plaintiff to demonstrate an elaborate and objectively rational connection between her belief system and the conflict with her workplace requirements. *Keene v. City of San Francisco*, No. 22-16567, at *5 (9th Cir, May 15, 2023) ("A religious belief need not be consistent or rational to be protected under Title VII[.]"). Indeed, Title VII does not require that an employee provide extensive notice; it requires "only enough information about an employee's religious needs to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirements…Any greater notice requirement would permit an employer to delve into the religious practices of an employee in order to determine whether religion mandates the employee's adherence." *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1439 (9th Cir. 1993) (Plaintiff's notice to employer was satisfactory where employer knew Plaintiff was Jewish, his wife was studying for conversion and that he need time off to go to a ceremony).



**RUGGED LAW, INC.**
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
503-520-9900

Because a religious belief need not be consistent or rational to be protected under Title VII, an assertion of a sincere religious belief should be generally accepted. *Keene v. City of San Francisco*, No. 22-16567, at *5-6 (9th Cir., May 15, 2023) (citing to *Thomas v. Review Bd.*, 450 U.S. 707, 714 (1981) ("[T]he resolution of [whether a belief is religious] is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection."); *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [Appellants'] religious beliefs regarding COVID-19 vaccinations." (citing *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138 S.Ct. 1719, 1731 (2018)), recons. en banc denied, 22 F.4th 1099 (9th Cir. 2022); EEOC Guidance, § 12-I(A)(2) ("[T]he sincerity of an employee's stated religious belief is usually not in dispute and is generally presumed or easily established." Further, "[t]he term `religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business. *Intern. Ass'n of Machinists v. Boeing Co.*, 833 F.2d 165, 168 (9th Cir. 1987)

Here, Plaintiff articulated a clear statement that her religious beliefs were in direct conflict with taking vaccinations. Plaintiff gave OHSU an extensive and heartfelt explanation for why she could not reconcile her religious beliefs with taking the COVID-19 vaccine, including her religiously-driven pro-life beliefs and her belief that the COVID-19 vaccines were developed with fetal cells from aborted fetuses. *See* Exhibit 1 to Declaration of Plaintiff. Our courts have consistently held that this sort of religious expression adequately alleges a sincerely held religious belief, the practice of which conflicts with receiving a COVID-19 vaccine. *See, e.g., Kather v.*



**RUGGED LAW, INC.**
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
503-520-9900

*Asante Health Sys.*, No. 1:22-CV-01842-MC, 2023 WL 4865533, at *4–5 (D. Or. July 28, 2023); *Quinn v. Legacy Health*, No. 3:23-cv-331-JR (D. Or. June 16, 2023); *Stephens v. Legacy-GoHealth Urgent Care & Legacy Health*, No. 3:23-cv-00206-SB (D. Or. Oct. 23, 2023).

Plaintiff adequately expressed the sincerity of her beliefs to the Defendant and how those beliefs conflicted with taking the COVID-19 vaccine. There is no question of material fact as to this issue.

***B. The Defendant Failed To Reasonably Accommodate Plaintiff Even Though Allowing Her To Work Remotely Was Possible And Reasonable.***

"Title VII requires that an employer reasonably accommodate an employee's practice of religion, not merely that it assess the reasonableness of a particular possible accommodation or accommodations." *Groff*. at 472-73. "An employer meets [its] burden 'when it demonstrates that it has offered a reasonable accommodation to the employee' insofar as the accommodation provides 'a reasonable resolution of the conflict.'" *Strandquist* at *30-31 (quoting *Ansonia Bd. of Educ. v. Philbrook*, 479 12 U.S. 60, 69, 107 S. Ct. 367, 93 L. Ed. 2d 305 (1986). A reasonable accommodation "eliminate[s] the employee's religious conflict" and "reasonably preserve[s] that employee's employment status, i.e., compensation, terms, conditions, or privileges of employment." *Id.* (citing *Am. Postal Workers Union, S.F. Local v. Postmaster General*, 781 F.2d 772, 776 (9th Cir. 1986); *Kelly v. Cnty. of Orange*, 101 F. App'x 206, 207 (9th Cir. 2004)). The Defendant failed the two inquiries for a "reasonable resolution."

If the employee succeeds in establishing a prima facie case, the burden shifts to the employer to prove that it either "initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *MacDonald v. Oregon Health & Sci. Univ.*, No. 3:22-CV-01942-IM, 2023 WL



**RUGGED LAW, INC.**
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
503-520-9900

5529959, at *3 (D. Or. Aug. 28, 2023); *Berry v. Dept. of Soc. Servs.*, 447 F.3d at 655. Title VII requires employers to accommodate "all aspects of religious observance and practice" unless the employer demonstrates that he cannot accommodate the employee's religious observance or practice "without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

As an initial matter, Defendant will likely argue that it had a robust process for reviewing and granting religious exceptions, including consideration of scientific data and guidance from health authorities. This argument ignores well-settled law that any accommodation an employer creates for an employee with a religious exemption must be reasonable. *Bottman v. Springfield Pub. Schs.*, Civ. 6:22-cv-01900-MC (D. Or. Jul. 12, 2024). Under Title VII, an employer must "demonstrate that it has offered a reasonable accommodation to the employee." *AnsoniaBd. of Educ. v. Philbrook*, 479 U.S. 60, 69, 107 S.Ct. 367, 93 L.Ed.2d 305 (1986). Title VII "directs that any reasonable accommodation by the employer is sufficient to meet its accommodation obligation." *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68 (9th Cir. 1986).

"The Supreme Court recently clarified the undue hardship standard." *Hebrew v. Tex. Dep't of Criminal Justice*, 80 F.4th 717, 721 (5th Cir. 2023); *see Groff v. DeJoy*, 143 S. Ct. 2279 (2023). In *Groff*, the Supreme Court explained, "the *de minimis* test ha[d] blessed the denial of even minor accommodation in many cases, making it harder for members of minority faiths to enter the job market." *Groff*, 143 S. Ct. at 2292. In rejecting the so-called *de minimis* test, the Supreme Court clarified that "undue hardship" is shown only when a burden is ***substantial*** in the overall context of an employer's business and that it necessitated a "fact-specific inquiry." *Id.* at 2294. The Supreme Court explained:

> Here, the key statutory term is "undue hardship." In common parlance, a "hardship" is, at a minimum, "something hard to bear." Random House Dictionary of the English Language 646 (1966) (Random House). Other definitions go further. See,



**RUGGED LAW, INC.**
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
503-520-9900

> e.g., Webster's Third New International Dictionary 1033 (1971) (Webster's Third) ("something that causes or entails suffering or privation"); American Heritage Dictionary 601 (1969) (American Heritage) ("[e]xtreme privation; adversity; suffering"); Black's Law Dictionary, at 646 ("privation, suffering, adversity"). But under any definition, a hardship is more severe than a mere burden. So even if Title VII said only that an employer need not be made to suffer a "hardship," an employer could not escape liability simply by showing that an accommodation would impose some sort of additional costs. Those costs would have to rise to the level of hardship, and adding the modifier "undue" means that the requisite burden, privation, or adversity must rise to an "excessive" or "unjustifiable" level. Random House 1547; see, e.g., Webster's Third 2492 ("inappropriate," "unsuited," or "exceeding or violating propriety or fitness"); American Heritage 1398 ("excessive").

*Id*. As the Court described, "[w]hen 'undue hardship' is understood in this way, it means something very different from a burden that is merely more than *de minimis*, *i.e.*, something that is 'very small or trifling.'" *Id.* at 2284.

Thus, according to the Supreme Court, the proper test for this Court to apply is that "an employer must show that the burden of granting an accommodation would result in ***substantial increased costs in relation to the conduct of its particular business***." *Id.* at 2295 (emphasis added). The Court further clarified that it could not ratify "*in toto* a body of EEOC interpretation that has not had the benefit of the clarification" it adopted in *Groff* and that courts should resolve whether a hardship would be substantial in the specific context of an employer's business in the commonsense manner that it would use in applying any such test. *Id.* at 2285. The Court also confirmed that although the impact of an accommodation on coworkers may be relevant, "not all impacts on coworkers are relevant, but only 'coworker impacts' that go on to 'affec[t] the conduct of the business.'… So an accommodation's effect on co-workers may have ramifications for the conduct of the employer's business, but a court cannot stop its analysis without examining whether that further logical step is shown in a particular case." *Id.* at 2296 (internal citations omitted). Moreover, *Groff* makes clear that speculation of increased costs of Plaintiff's proposed



**RUGGED LAW, INC.**
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
503-520-9900

accommodations is not sufficient to sustain a defense of undue hardship. As the Supreme Court held:

> Title VII requires that an employer reasonably accommodate an employee's practice of religion, not merely that it assess the reasonableness of a particular possible accommodation or accommodations…This distinction matters. Faced with an accommodation request like Groff's, it would not be enough for an employer to conclude that forcing other employees to work overtime would constitute an undue hardship. Consideration of other options, such as voluntary shift swapping, would also be necessary.

*Groff* at 2285. An employer's focus, according to the Supreme Court, primarily must be on whether it can accommodate its employee's religious practice, not merely whether a particular accommodation is "reasonable" in the abstract.

Finally, the Supreme Court made clear that its clarified standard was "context-specific". *Id.* at 2297. This comports with the Ninth Circuit's jurisprudence, which holds that the circumstances under which a particular accommodation may cause undue hardship must be made in the particular factual context of each case. *American Postal Workers Union, San Francisco Local v. Postmaster General*, 781 F.2d 772 (9th Cir. 1986).

In a recent case, the Fifth Circuit, relying on *Groff*, held that the defendant did not meet its burden to show that it would face an undue hardship if it accommodated [plaintiff's] religious faith" and it reversed the district courts granting of summary judgment in favor of the defendants. *Hebrew v. Tex. Dep't of Criminal Justice*, 80 F.4th 717 (5th Cir. 2023). The Fifth Circuit stated that the defendant "simply identifie[d] its security and safety concerns" but "nowhere identifie[d] any actual costs it will face—much less 'substantial increased costs' affecting its entire business—if it grants this one accommodation to [plaintiff]." *Id.* at 722. Additionally, it emphasized that "[o]nly after thorough consideration of other options may the employer deny the employee's request for



**RUGGED LAW, INC.**
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
503-520-9900

accommodation" and that the employer cannot "simply reject [the plaintiff's] accommodation request without a **thorough examination** of 'any and all' alternatives." *Id*. (emphasis added).

Here, it is without question that the Supreme Court's clarifications and guidance in *Groff* forestall any claim of unfair burden by the Defendant since Plaintiff could have continued remote work in her fully remote role without any additional cost or any substantial cost to Defendant. In this case, the Defendant cannot demonstrate in a compelling way how accommodating Plaintiff's request to work remotely would have created undue hardship on the conduct of its business.

Defendant did not analyze Plaintiff's case individually; instead, it engaged in a sweeping generalization that no unvaccinated individual could be accommodated in the workplace. In doing so, Defendant cannot refute Plaintiff's evidence that ***this*** Plaintiff's religious beliefs would not have posed a substantial and unavoidable burden on its operations, considering all available options for accommodation.

The Defendant was not absolved of its obligation to explore reasonable accommodations for employees with sincere religious objections. The Defendant offered no accommodation as Plaintiff was terminated. Defendant offered no accommodations aside from a short unpaid administrative leave, which offered no resolution to Defendant's conflict with Plaintiff's beliefs. The implementation of its policies terminated the Plaintiff from a fully remote role with no rational or conceivable logical justification, let alone any significant difficulty or expense required to provide the accommodation, which would be to simply do nothing and let Plaintiff keep working in her fully remote role. The facts show that Defendant did not hold Plaintiff's job, nor did it allow her to continue working remotely despite the fact that she held a permanent remote position with no requirements to work in the office whatsoever. Accordingly, Defendant offered no reasonable accommodation in violation of Title VII.



**RUGGED LAW, INC.**
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
503-520-9900

## V. CONCLUSION.

The Plaintiff is entitled to summary judgment. There are no disputed material facts.

Dated: September 8, 2025.

Respectfully submitted:

/s/Caroline Janzen
Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB 176240
paul@ruggedlaw.com
RUGGED LAW, INC.
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
503-520-9900
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **Declaration** on all counsel of record on the date set forth below, via the Court's CM/ECF filing system.

DATED September 8, 2025.

/s/ Caroline Janzen
Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB 176240
paul@ruggedlaw.com
RUGGED LAW, INC.
5201 SW Westgate Dr. Bldg B Suite 300
Portland, Oregon 97221
503-520-9900
Attorneys for Plaintiffs