Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
RUGGED LAW, INC.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| ERICA TAYLOR, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>Defendant. | Case No. 3:23-cv-01564-SB<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S MOTIONS IN LIMINE AND TO DEFENDANT'S OBJECTIONS** |

## INTRODUCTION

Pursuant to Section IV.A of the Court's Civil Trial Management Order (ECF No. 45), Plaintiff Erica Taylor responds to Defendant's Motions in Limine (ECF No. 56) and addresses the objections and response Defendant filed on the afternoon of September 16, 2026 (ECF Nos. 64 through 68). This is a single Title VII failure-to-accommodate claim. The jury will decide three things: whether Ms. Taylor held a sincere religious belief that conflicted with OHSU's vaccination requirement, whether she gave OHSU notice of the conflict, and whether OHSU has proved that accommodating her would have imposed a burden substantial in the overall context



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

of its business. *Groff v. DeJoy*, 600 U.S. 447, 468–71 (2023). Several of OHSU's motions fit that framing, and Plaintiff stipulates to them, in most instances on a mutual basis. The rest share a pattern. They would let OHSU prove undue hardship with its own evidence while closing off Plaintiff's answer to it or would exclude her damages and mitigation proof outright. Each response below states Plaintiff's position, the reasons for it, and a proposed ruling.

A motion in limine is a request to exclude anticipated prejudicial evidence before it is offered. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A ruling made in another case, on another record, before another judge decides nothing here. Plaintiff addresses the transcript attached to the Baumgart Declaration (ECF No. 57, Ex. 1) only to note what it is: a pretrial ruling in *West v. Legacy Health*, not a decision of this Court or of the Ninth Circuit.

## RESPONSES TO MOTIONS IN LIMINE

### I. Motion No. 1: Timing of Trial Testimony (Chess Clock). Position: Stipulated.

The parties have stipulated that each side will receive half of the total time allotted for testimony, measured chess-clock style. Plaintiff asks that the Court state the total hours available for testimony and confirm that jury selection, opening statements, and closing arguments are not charged against either party's clock.

Proposed ruling: granted as stipulated.

### II. Motion No. 2: Requests for Exemption and Accommodation by Other OHSU Employees. Position: Oppose in part.

OHSU concedes that the volume of exception requests it received and the process it used are relevant. Plaintiff agrees that the identities of other employees, the content of their religious statements, and their individual files should stay out, and she does not intend to offer them. The motion should be denied insofar as it would also exclude aggregate evidence of what OHSU did



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

with the requests it received, and in particular whether OHSU accommodated any employee in Plaintiff's job family or in a fully remote or remote-eligible position. Ms. Taylor worked remotely from home and had no direct contact with patients. Compl. ¶ 7. Whether OHSU extended to comparable remote employees the accommodation it refused her goes to the heart of the defense it must prove. Hardship must be actual rather than hypothetical, *Opuku-Boateng v. State of California*, 95 F.3d 1461, 1473 (9th Cir. 1996), and must be measured on the facts of the employer's particular business, *Groff*, 600 U.S. at 470–71. OHSU's own Exceptions Requests and Accommodations Process (Pl. Ex. 22; Def. Ex. 211) contains provisions for fully remote employees; how OHSU applied them is not collateral. Evidence about other employees is neither per se admissible nor per se inadmissible, and its relevance depends on how closely it tracks Plaintiff's circumstances and theory. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387–88 (2008). Plaintiff also notes that the corrected exhibit set served September 8, 2026 (ECF No. 55) removed the pages from other employees' files that appeared in the earlier set.

Proposed ruling: granted as to the identities, religious statements, and individual files of other employees; denied as to aggregate evidence of the number of exception requests received, granted, and denied, and as to whether OHSU accommodated employees in Plaintiff's job classification or in remote or remote-eligible positions.

## III. Motion No. 3: Other Litigation Concerning OHSU's Vaccination Policy.

**Position: Stipulated, with two clarifications.**

Plaintiff agrees, as her own Motion in Limine No. 8 requests (ECF No. 51 at 9), that neither party will refer to other lawsuits arising from COVID-19 vaccination requirements, whether against OHSU or any other employer. Two clarifications are needed. First, Plaintiff's Exhibits 29 through 33 are documents bearing OHSU_TAYLOR Bates numbers that OHSU



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

produced in this action on April 26, 2024; they are not evidence of other litigation and are not affected by this motion. Second, the stipulation should be mutual and should extend to the matters in Plaintiff's Motion No. 8(b) and 8(c): no suggestion that this case is part of a coordinated campaign, no reference to other matters in which Plaintiff's counsel has appeared, and no argument about the consequences of a verdict for nonparties. The pretrial transcript from *West v. Legacy Health* attached to the Baumgart Declaration is itself material from other litigation and should not be referenced before the jury.

Proposed ruling: granted as a mutual order encompassing Plaintiff's Motion No. 8; Plaintiff's Exhibits 29 through 33 are not within its scope.

**IV. Motion No. 4: Evidence of Anti-Religious Animus. Position: Oppose.**

Plaintiff will not offer testimony from co-workers about a general culture of discrimination at OHSU or about their own unrelated experiences. To that extent the motion asks for something Plaintiff has already conceded. The rest should be denied, for three reasons. First, the legal premise is backwards. A hardship attributable to animosity toward a particular religion, toward religion in general, or toward the very notion of accommodating religious practice cannot be considered undue. *Groff*, 600 U.S. at 472. Plaintiff's Proposed Instruction No. 25 (ECF No. 52) states that rule. Evidence bearing on whether OHSU's claimed hardship was of that kind is admissible on the element OHSU must prove. An employer also violates Title VII when it acts with the motive of avoiding an accommodation. *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015). Second, what OHSU calls animus evidence is its own decision-making record: the committee review submission concerning Plaintiff (Pl. Ex. 14), the denial letter (Pl. Ex. 2), the criteria OHSU announced for exceptions (Pl. Exs. 3, 4, 15), and OHSU's later explanation of the decision to the Bureau of Labor and Industries (Pl. Ex. 29). Those documents



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

show what OHSU considered, what it did not consider, and whether it evaluated Ms. Taylor's request at all before denying it. A label does not make them inadmissible. Third, the district court decisions OHSU cites asked whether discriminatory motive is an element at summary judgment. None holds that a jury deciding undue hardship may not hear how the employer actually handled the plaintiff's request. The mini-trial concern is answered by the limits Plaintiff has already accepted.

Proposed ruling: denied, except that Plaintiff will not offer testimony from non-decision-makers concerning a general culture of discrimination or their own unrelated workplace experiences.

**V. Motion No. 5: Other Employers' Policies and Exemptions. Position: Oppose in part.**

Plaintiff agrees not to offer evidence or argument that OHSU should be judged by what other hospitals or employers did in 2021 and will not offer generalized evidence of other employers' vaccination policies. The motion should be denied as to Plaintiff's own post-OHSU employment records — Kaiser Permanente's provisional approval of her religious exemption (Pl. Ex. 16) and the Providence communication concerning a prospective role (Pl. Ex. 17). Those documents are her mitigation history. They show when she obtained replacement work, on what terms, and why the timing was what it was. They are the same category of document OHSU has listed itself (Def. Exs. 226, 227) and that OHSU's rebuttal economist relies on to calculate mitigation earnings (ECF No. 63, Ex. B). Exhibit 16 bears on sincerity as well, which OHSU contests in Motion No. 6: a plaintiff who sought and obtained a religious exemption from her next employer acted consistently with the belief she described to OHSU. Plaintiff does not offer these documents to argue that Kaiser's choice shows OHSU's hardship was not undue, and she



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

has no objection to a limiting instruction to that effect under Rule 105. *Petersen*, on which OHSU relies, was an appeal from summary judgment and addressed the substantive standard for undue hardship; it says nothing about whether a plaintiff's own employment records are admissible at a jury trial on damages. The hearsay and authentication objections are misplaced: Plaintiff will authenticate her own employment records through her testimony or a Rule 902(11) certification, and the documents are offered for their effect on her employment history and earnings, not for the truth of anything Kaiser said about vaccination.

Proposed ruling: granted as to generalized evidence or argument about other employers' vaccination policies and exemption practices; denied as to Plaintiff's Exhibits 16 and 17 and Plaintiff's testimony about her subsequent employment, subject to a limiting instruction on request.

## VI. Motion No. 6: Beliefs Not Communicated to OHSU and Lay Witnesses on Sincerity. Position: Oppose in part.

Plaintiff agrees with the first half of the motion in this respect: the notice she gave OHSU is what she wrote on September 7, 2021 (Pl. Exs. 1, 28, 33; Def. Exs. 203, 204), and she will not claim to have told OHSU anything beyond those documents. Whether that notice was sufficient is a jury question, and the documents speak for themselves.

The rest of the motion should be denied. Sincerity is an element of Plaintiff's case that the jury decides, and OHSU has not stipulated to it. Whether a belief is sincerely held is a question of fact, resolved on the same credibility evidence as any other. *Callahan v. Woods*, 658 F.2d 679, 683–87 (9th Cir. 1981); *Thomas v. Review Bd.*, 450 U.S. 707, 714–16 (1981). A jury may fairly ask whether Ms. Taylor lived her faith before and after 2021. Her pastor, a family member, and two co-workers will testify to what they saw: her participation in her church, her religious



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

practice, and how she conducted herself when the vaccination requirement was announced. That is perception testimony under Rule 602, not hearsay. Where a witness recounts something Ms. Taylor said about her beliefs before this dispute arose, the statement comes in under Rule 803(3) as evidence of her then-existing state of mind, which is the fact OHSU puts in issue. OHSU's argument that these witnesses could not have informed its decision confuses two elements: notice asks what OHSU knew, sincerity asks what Ms. Taylor believed. *See Bolden-Hardge v. Office of the Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). If OHSU will stipulate on the record that Ms. Taylor's objection was a sincerely held religious belief, Plaintiff will withdraw the sincerity witnesses other than her pastor, who will also address the religious basis of the belief. Absent that stipulation, Plaintiff will call no more than three.

Proposed ruling: granted only insofar as Plaintiff may not contend that she communicated to OHSU beliefs beyond her written submission of September 7, 2021; otherwise denied, with sincerity testimony limited to three witnesses unless OHSU stipulates to sincerity.

## VII. Motion No. 7: Assertions That the Vaccines Were Unsafe. Position: Stipulated on a mutual basis.

Plaintiff does not challenge the safety of the COVID-19 vaccines and will not offer evidence or argument that they were unsafe or posed an undue personal risk. Her claim is that she was entitled to an accommodation of a sincere religious objection. The order should run both ways. If vaccine safety is irrelevant to undue hardship, as OHSU says, then OHSU's witnesses may not vouch for it either. OHSU's disclosed expert opines that the vaccines were highly safe and effective (ECF No. 63, Ex. A ¶ 33), and two of its lay witnesses are physicians. If that testimony comes in, Plaintiff must be allowed to cross-examine on it, and the motion will have done nothing but make the subject one-sided.



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

Proposed ruling: granted as a mutual order; neither party may offer evidence or argument concerning the safety of the COVID-19 vaccines.

## VIII. Motion No. 8: Lay Opinion on Efficacy of Vaccines and Other Measures.

**Position: Stipulated on a mutual basis; the order must bind OHSU's witnesses.**

This motion mirrors Plaintiff's Motion in Limine No. 4 (ECF No. 51 at 4–5), and Plaintiff agrees that no lay witness may opine on the efficacy of vaccination, masking, testing, or distancing, or on the epidemiological risk posed by an unvaccinated employee. The point of agreement must be applied evenly. OHSU's lay witness list (ECF No. 62) includes Dr. Marcel Curlin and Dr. Renee Edwards, each for 45 to 60 minutes of direct examination. Neither was disclosed as an expert under Rule 26(a)(2); OHSU's only medical expert is Dr. Cohen. If Dr. Curlin or Dr. Edwards is asked what the science showed about transmission or vaccine efficacy, or whether an unvaccinated remote employee posed a risk, that is Rule 702 testimony from an undisclosed expert and is excluded by the very order OHSU seeks. OHSU's proposed carve-out, that its witnesses may describe how the scientific information available at the time informed OHSU's decisions, is acceptable only as state-of-mind evidence, offered to show what the decision-makers understood and relied upon rather than the truth of the science, with a limiting instruction under Rule 105 as Plaintiff's Motion No. 4 requests.

Proposed ruling: granted as a mutual order; OHSU's lay witnesses, including Dr. Curlin and Dr. Edwards, are limited to personal observations and to what they understood and relied upon at the time, with a Rule 105 instruction, and may not offer opinions on vaccine efficacy, transmission, or the comparative effectiveness of other measures.



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

**IX. Motion No. 9: Developments After December 2, 2021. Position: Oppose in part.**

Plaintiff agrees that later changes in public-health guidance, later scientific developments, and later changes to OHSU's own policies will not be offered to second-guess the fall 2021 decision, unless OHSU opens the door by presenting evidence about how long the claimed hardship would have lasted. As written, though, the motion sweeps in evidence that has nothing to do with hindsight. Plaintiff's post-termination employment, earnings, job search, and mitigation (Pl. Exs. 8 through 12, 16, 17) are her damages case; OHSU's own Exhibits 224 through 227 and its rebuttal economist's report post-date December 2021, and OHSU cannot exclude Plaintiff's mitigation evidence while offering its own. OHSU's October 5, 2022 position statement to the Bureau of Labor and Industries (Pl. Ex. 29) is OHSU's account of why it denied the request and why it says it could not accommodate her; it is a statement of a party opponent under Rule 801(d)(2), and its date does not convert evidence of the 2021 decision into a post-hoc development. And Ms. Taylor's testimony about what losing her job did to her necessarily concerns the period after she lost it.

Proposed ruling: granted as to post-employment scientific, regulatory, and public-health developments offered to evaluate OHSU's 2021 decision; denied as to Plaintiff's damages, mitigation, and emotional-distress evidence and as to OHSU's own subsequent statements about the decision.

**X. Motion No. 10: BOLI and EEOC Submissions. Position: Oppose in part.**

OHSU represents that it does not dispute that Plaintiff filed a charge and filed this action within the required period. If OHSU will stipulate on the record that Plaintiff timely exhausted her administrative remedies and that this action is timely, so that no exhaustion issue is presented to the jury, Plaintiff will withdraw her Exhibit 19, her own BOLI complaint, and will not refer to



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

the contents of her charge. *Karthauser*, on which OHSU relies, concerned a plaintiff's own agency complaint offered by the plaintiff; the analysis is different for the opposing party's submission.

Plaintiff's Exhibit 29, OHSU's October 5, 2022 position statement to BOLI, is a different matter. It is a written statement made by OHSU, through its counsel and agents, on a matter within the scope of that relationship, and it is not hearsay when offered by Plaintiff. Fed. R. Evid. 801(d)(2)(A), (C), (D). It is relevant because it is OHSU's contemporaneous explanation of the reasons for its decision and the basis for its hardship claim, and the jury is entitled to compare that account with the testimony OHSU offers at trial. There is no mini-trial risk; the document is ten pages, is an OHSU_TAYLOR Bates document produced in this case, and concerns only Ms. Taylor. The Oregon Court of Appeals decision OHSU cites concerned the relevance of BOLI documents to the elements of a state-law claim and has no bearing on the Federal Rules of Evidence.

Proposed ruling: granted as to Plaintiff's Exhibit 19 and the contents of Plaintiff's charge, conditioned on OHSU's stipulation to exhaustion and timeliness on the record; denied as to Plaintiff's Exhibit 29.

**XI. Motion No. 11: Documents Not Produced or Produced Only in Other Litigation.**

**Position: Oppose; the motion is unripe and unspecific.**

The motion asks the Court to exclude two categories of documents without identifying a single exhibit in either. Every exhibit on Plaintiff's Amended Trial Exhibit List (ECF No. 55) is a TAYLOR-Bates document Plaintiff produced, an OHSU_TAYLOR-Bates document OHSU produced in this action, or a communication OHSU wrote and sent to its entire workforce (Pl. Exs. 3, 4, 15, 21, 23, 25). The amended list removed the pages OHSU says came from other



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

litigation. OHSU's own footnote concedes it was still working through that list when it filed. OHSU has since filed objections to specific exhibits (ECF No. 64), which Plaintiff will answer exhibit by exhibit as the Trial Management Order contemplates. An order excluding unidentified documents would leave the parties nothing to prepare against and would produce the very disputes the motion says it wants to avoid.

The counseling-records argument fails on a simpler ground. Plaintiff has designated no counseling or therapy record and will not offer testimony about the content of any counseling session. Rule 37(c)(1) permits exclusion of information a party failed to disclose. It does not bar a plaintiff from describing her own emotional distress because a category of document was once requested. OHSU deposed Ms. Taylor and never moved to compel. Her account of what she experienced when she was placed on leave and terminated is admissible on this record, and OHSU may cross-examine her on it.

Proposed ruling: denied, without prejudice to OHSU's objections to specifically identified exhibits.

**RESPONSE TO DEFENDANT'S OBJECTIONS AND RESPONSE FILED SEPTEMBER 16, 2026 (ECF NOS. 64 THROUGH 68)**

Defendant's objections to Plaintiff's exhibits, witnesses, voir dire, and jury instructions, and its response to Plaintiff's motions in limine, were due under Section III.K of the Trial Management Order on September 9, 2026. At Defendant's request, and with the Court's approval communicated by the Courtroom Deputy on September 8, 2026, Defendant received a brief extension. Defendant filed those papers on September 16, 2026, between 4:03 and 4:15 p.m.: objections to Plaintiff's exhibit list (ECF No. 64), objections to Plaintiff's witness list (ECF No. 65), objections to Plaintiff's proposed voir dire (ECF No. 66), its response to Plaintiff's motions



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

in limine (ECF No. 67), and objections to Plaintiff's proposed jury instructions (ECF No. 68). That is the same day on which Plaintiff's responses are due under Section IV.A, and Plaintiff has not had the opportunity to review them. Plaintiff understands that no reply in support of her own motions in limine is permitted under Sections II.E and VI.B of the Order and does not seek one.

As to Defendant's objections (ECF Nos. 64, 65, 66, 68), Plaintiff respectfully requests leave to file her responses on or before September 23, 2026, which is the date the parties' Joint Status Report is due under Section V.B and follows the parties' meet-and-confer on all filed objections, so that the Court will have the parties' positions on any remaining disputes in a single set of papers before the pretrial conference. Plaintiff further requests that the deadline for Defendant's response to Plaintiff's objections filed today remain as set by the Order. Plaintiff's objections to Defendant's proposed jury instructions are filed separately.

## CONCLUSION

Plaintiff respectfully requests that the Court rule on Defendant's motions as proposed above, enter the stipulated orders on Motions Nos. 1, 3, 7, and 8 as mutual orders binding both parties, and grant Plaintiff leave to respond to Defendant's objections (ECF Nos. 64, 65, 66, 68) by September 23, 2026.

DATED: September 16, 2026.

RUGGED LAW, INC.

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for Plaintiff



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2026, I filed the foregoing Plaintiff's Responses to Defendant's Motions in Limine and to Defendant's Objections with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Caroline Janzen
Caroline Janzen, OSB No. 176233



Rugged Law, Inc.
5201 SW Westgate Dr. Bldg. B Suite 300
Portland, Oregon 97221
503-520-9900